Alan Steven Wolf – Bar No. 94665
Caren Jacobs Castle – Bar No. 93888
Daniel K. Fujimoto – Bar No. 158575
Mark T. Domeyer – Bar No. 135008
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
Telephone: (949) 720-9200
Fax: (949) 608-0128

Attorneys for Creditor, Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2006-OC6, Mortgage Pass-Through Certificates Series 2006-OC6

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Sonia Alami,<br><br>    Debtor. | CASE NO: 2:15-bk-20815-WB<br><br>CHAPTER: 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>**341a Meeting:**<br>Date:    8/18/2015<br>Time:    **10:00AM**<br>Courtroom:  1<br>915 Wilshire Blvd., 10th Floor, , Los Angeles, CA 90017<br><br>**Confirmation Hearing:**<br>Date:    09/09/2015<br>Time:    **10:00AM**<br>Courtroom:  1375<br>255 East Temple Street<br>Los Angeles, CA 90012-3332 |

- 1 -

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

6401-35245

TO: THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE:

Creditor, Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2006-OC6, Mortgage Pass-Through Certificates Series 2006-OC6, ("Creditor"), secured creditor of the above-entitled Debtor, Sonia Alami ("Debtor"), hereby submits its objection to Debtor's proposed Chapter 13 Plan of Reorganization.

## **BACKGROUND**

1. Creditor holds a Promissory Note (the "Note") in the original principal sum of $396,000.00 made, executed, and delivered by Sonia N. Alami on May 1, 2006 to Freedom Mortgage Corporation DBA Freedom Home Mortgage Corporation ("Lender"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments. A copy of the Note is attached hereto as **Exhibit 1** and incorporated herein by reference.

2. The Note is secured by a Deed of Trust dated May 1, 2006 made, executed, and delivered to Lender by Sonia L. Alami and encumbering the real property commonly known as 7130 Century Boulevard, Paramount, CA 90723 ("Property"). The Deed of Trust was recorded on May 11, 2006 in the official records of the Los Angeles County Recorder's office. A copy of the Deed of Trust is attached hereto as **Exhibit 2** and incorporated herein by reference.

3. Lender's interest in the Deed of Trust was subsequently assigned to Creditor. A copy of the Corporation Assignment of Deed of Trust evidencing the assignment to Creditor is attached hereto as **Exhibit 3** and incorporated herein by reference.

4. Creditor currently holds the Note and is entitled to enforce the provisions of the Note and Deed of Trust. Lender indorsed the Note in blank, converting the Note to a bearer instrument, and Creditor is in rightful possession of the indorsed in blank Note.

5.  Creditor is in the process of finalizing its Proof of Claim in this matter. The estimated pre-petition arrearage on Creditor's secured claim is in the sum of $243,201.23.

6.  Debtor will have to increase the payment through the Chapter 13 Plan to Creditor by at least $ 4,053.35 monthly in order to cure Creditor's pre petition arrears over a period not to exceed sixty months.

## **GROUNDS FOR OBJECTION**

Creditor objects to Debtor's proposed Plan for the following reasons:

1.  <u>Failure to Provide for Full Value of Arrearage</u>

Debtor's Plan is unclear and partially illegible, but it appears to provide for Creditor's claim in Class 2. However, the Plan provides for no cure of the pre-petition arrearages owed to Creditor, and instead contemplates a 2004 examination of Creditor for "valuation of debt to ascertain Creditor status." The actual arrearages total $243,201.23. Debtor will have to increase the payment through the Plan to Creditor to approximately $4,053.35 monthly in order to cure Creditor's pre-petition arrears over the life of the Plan.

2.  <u>Feasibility</u>

Debtor's Schedule "J" indicates that Debtor has disposable income of $1,992.00. It should be noted that the Debtor only provides for a mortgage payment of $1,200.00, when in fact the first post-petition payment amount due on August 1, 2015 will be $2,768.07, and will increase to $3,168.81 on September 1, 2015 due to the escrow analysis required by Bankruptcy Rule 3002(c)(2)(C). However, even while providing for a mortgage payment of only $1,200.00, Debtor's disposable income of only $1,992.00 is insufficient to make the proposed $2,768.08 plan payment. In addition, Debtor will be required to apply a minimum of $4,053.35 monthly over 60 months in order to cure Creditor's pre-petition arrears over the life of the Plan. As such, there is insufficient income to fund the Plan. Therefore, the Plan is not feasible and should not be confirmed.

Case 2:15-bk-20815-WB   Doc 18   Filed 08/11/15   Entered 08/11/15 15:33:22   Desc
Main Document    Page 4 of 6

3. <u>Debt Limit</u>

The amount of Debtor's unsecured claims listed in her Schedule E is $723,309.00 and thus exceeds the limit of $383,175.00 set forth in 11 U.S.C. §109(e). While it appears that Debtor has improperly listed all of her secured debt as unsecured debt, Creditor's are nevertheless entitled to rely on the Debtor's schedules filed under declaration of perjury. As Debtor is thus not qualified to be a debtor under Chapter 13, Debtor's Plan should not be confirmed and the case should be dismissed.

4. <u>Impermissible Cramdown</u>

While Debtor's Plan is confusing and partially illegible, to the extent that Debtor appears to be attempting to eliminate the debt owed to Creditor, it is attempting to modify Creditor's loan that is secured by the Property that Creditor asserts is Debtor's principal residence. Debtor's bankruptcy petition lists Property as Debtor's residence and the Property is listed as Debtor's service address per PACER. Because Debtor's Plan provides for a modification of Creditor's loan on Debtor's principal residence, it clearly violates 11 U.S.C. §1322(b)(2) and the U.S. Supreme Court's holding in <u>Nobleman</u> and cannot not be confirmed.

5. <u>Bad Faith</u>

To be confirmed, a plan must have been proposed in "good faith and not by any means forbidden by law" (*see* 11 U.S.C. §1325(a)(3).) Although not defined in the Bankruptcy Code, courts generally find "good faith" where the debtor acted equitably in proposing the plan. (*See* <u>In re Goeb</u>, 675 F.2d 1386, 1390; <u>In re Chinichian</u>, 784 F.2d 1440, 1444 (9th Cir. 1986) – good faith test should examine debtor's intentions and legal effect of plan confirmation in light of spirit and purposes of Chapter 13.)

Here, Debtor has proposed a Plan which (a) hides the arrears due to Creditor on Debtor's pre-petition defaults, and makes no attempt to cure the arrears over the life of the Plan; and (b) is based on a negative budget that fails to be anywhere close to truthful on Debtor's actual monthly house payment. Moreover it appears that Debtor is attempting to schedule all of her mortgage debt as unsecured. Taken as a whole, it

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

6401-35245

appears that Debtor's intent here is not to take advantage of the reorganizational spirit and purpose of Chapter 13, but rather to improperly prejudice Creditor's rights as a secured creditor. Thus the Plan lacks the good faith required by §1325(a)(3), and accordingly, the Court must deny confirmation.

Creditor reserves the right to raise further objections at the time of the confirmation hearing.

WHEREFORE, Creditor prays:

1. Confirmation of Debtor's Plan be denied

2. Alternatively, that Debtor's Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding sixty months; and

3. That this case be dismissed; and

4. For such other and further relief as this Court deems appropriate.

Dated: August 11, 2015        Respectfully submitted,

THE WOLF FIRM,
A Professional Law Corporation

By: /s/ Daniel K. Fujimoto
Daniel K. Fujimoto
Attorneys for Creditor
Bank of New York Mellon, f/k/a Bank of New York, as Trustee, on behalf of the registered holders of Alternative Loan Trust 2006-OC6, Mortgage Pass-Through Certificates Series 2006-OC6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2955 Main Street, 2nd Floor, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/11/2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

*U.S. Trustee: Office of the U.S. Trustee - Los Angeles, ustpregion16.la.ecf@usdoj.gov*
*Chapter 13 Trustee: Nancy K. Curry, ecfnc@trustee13.com*

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 08/11/2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Debtor: Sonia Alami, 7130 Century Boulevard, Los Angeles, CA 90723 (U.S. Mail)*
*Honorable Julia W. Brand, Roybal Federal Building, 255 E. Temple Street, Suite 1382, Los Angeles, CA 90012-3332 (U.S. Mail)*

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/11/2015 | Ibania Alvarado-Ayala | /s/Ibania Alvarado-Ayala |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

6401-35245

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**