Nancy Curry, Chapter 13 Standing Trustee
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017
TEL: (213) 689-3014
FAX: (213) 689-3055

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION** ||
| IN RE<br><br>ALAMI, SONIA<br><br><br><br><br>Debtor | Case No. 2:15-bk-20815-WB<br><br>Chapter 13<br><br>**TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN UNDER 11 USC §§§1322, 1325 AND 1326; DECLARATION IN SUPPORT; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION UNDER 11 USC §1307**<br><br>Date: September 9, 2015<br>Time: 10:00 AM<br>Ctrm: 1375<br>    255 East Temple Street<br>    Los Angeles, CA 90012 |

    The Chapter 13 Standing Trustee hereby objects to the confirmation of the proposed plan because the Debtor has failed to meet all necessary requirements as detailed in the attached declaration and supporting Exhibit A.

    THE FAILURE OF THE DEBTOR, OR THE ATTORNEY REPRESENTING THE DEBTOR, TO RESPOND TO THESE OBJECTIONS, APPEAR AT THE CONFIRMATION HEARING AND FAILURE TO PRESENT EVIDENCE THAT ALL REQUIRED PAYMENTS ARE CURRENT MAY RESULT IN DISMISSAL OR CONVERSION OF THE CASE. THEREFORE, the Trustee respectfully requests that confirmation of the plan be denied and for such other relief as the Court may deem appropriate.

DATED: August 20, 2015                                                                   /s/ Nancy Curry
                                                                                                                                     Chapter 13 Standing Trustee

## **DECLARATION OF MASAKO OKUDA**

I, MASAKO OKUDA, declare as follows:

1. Nancy Curry is the Chapter 13 Standing Trustee in this matter:

   **ALAMI, SONIA ,  2:15-bk-20815-WB**

   I am employed by the Trustee as a staff attorney and am duly qualified to make this declaration. The Trustee has files and records kept by her office in the regular course of business. I have personally reviewed the files and records kept by her office in the within case. The following facts are true and correct within my own personal knowledge and I could and would testify competently thereto if called upon to do so.

2. I object to confirmation of the proposed Plan because of the specific deficiencies which are set forth in the attached Exhibit A which is incorporated herein by reference.

   I declare under penalty of perjury that the foregoing is true and correct.

DATED: August 20, 2015                                              /s/ Masako Okuda
                                                                     Masako Okuda

**Debtor:**     **Sonia Alami; in Pro Per**
**Case No.:**   **2:15-bk-20815-WB**         **§341(a): 8/18/15**

# EXHIBIT A

If the Debtor fails to produce the requested documents and fails to resolve the issues set forth in this objection to confirmation, the Trustee will recommend dismissal or conversion of the case for cause and unreasonable delay that is prejudicial to creditors. See 11 USC §§1307(c) and 1307(c)(1).

Other issues may arise at or before confirmation requiring additional action or information by the debtor and counsel.

The Debtor has a duty to cooperate with the Trustee. See 11 USC §521(a)(3) and FRBP 4002(4).

The Trustee will move to dismiss the case if the below deficiencies are not fully addressed timely; that is, not later than 10 days before the confirmation hearing.

The Debtor has the burden of proof for plan confirmation. See In re: *Huerta* 137 BR 356, 365 (Bkrtcy. C.D.Cal., 1992), In re: *Wolff* 22 BR 510, 512 (9th Cir. BAP (Cal.) 1982), In re *Hill* 268 BR 548, 552 (9th Cir. BAP (Cal.), 2001).

| **Objection** | **Possible Resolution** |
|---|---|
| **Debtor is ineligible** | <u>In re Scovis v. Henrichsen</u>, 249 F.3d 975, 981 (9th Cir. 2001) |
| The amount of the unsecured claims (scheduled $723,309) exceeds the statutory limit under 11 U.S.C. §109(e). | |
| **Payments are not current** | |
| Plan payments are not current, LBR 3015-1 (k).<br><br>Declaration attesting that all deed of trust (mortgage) payments are current has not been filed, LBR 3015-1(m). | Comply with LBR 3015-1 |
| **Plan service and notice** | |
| A plan has not been served.<br><br>The Debtor has failed to file and serve the notice of §341(a) meeting and confirmation hearing in a timely manner.<br><br>[FRBP 7004 and LBRs 2002-2(c)(1) 3015-1(b)(3) 9013-3(a) FRBP 5003(e)] | File and serve a Notice of Hearing on Confirmation of Chapter 13 Plan with Copy of Chapter 13 Plan reflecting that creditors have until 7 days before the Confirmation Hearing to file objections. |
| **Feasibility** | |
| The Plan is infeasible [11 USC §1325(a)(6)] because | Demonstrate plan feasibility |
| 1. There is no provision for certain claims – Bank of New York Mellon. | |
| 2. Scheduled income and expenses result in less than what is required to fund the Plan – I/J surplus (-)$1,275/mo. | |

| **Income** | |
|---|---|
| The Debtor has failed to timely (7 days before the §341(a) debtor examination) provide:<br><br>(1) Payment advices (documentation) to prove income received during the sixty days preceding the date of the petition [11 USC §521(a)(1), LBR 3015-1(c)(3)].<br><br>(2) Complete copies of Federal and State Income Tax Returns, including W-2s, 1099s (or other supporting documentation) for the most recently ended calendar year [ 11 USC §521(e)(2), LBR 3015-1(c)(3)]. | Provide (1) proof of Debtor's and her spouse's employment income and (2) copies of 2011 – 2014 tax returns |
| The Debtor has failed to comply with the business reporting requirements of LBR 3015-1(c)(4).<br><br>Non-filing spouse's business – sound system rental | Actual monthly income and expense statements (not a profit and loss statement) for the six months preceding the date of the petition with supporting bank statements; and continue to provide these statements each month until a plan is confirmed. |

**Miscellaneous**

(1) Schedule B does not make sense.

(2) No mortgage lender is listed in Schedule D; whereas Schedule J reflects monthly mortgage payments.

(3) The amended Plan filed on 8/13/2015 does not make sense. Further, it reflects that the post-confirmation mortgage payments will be made through the Plan; however no specific payment amount is indicated.

(4) Schedule J reflects $500/mo automobile loan payments; whereas the Debtor stated at the §341(a) meeting that she had no automobile loan.

(5) Schedule J expense calculation is incorrect.

(6) The Debtor should not exclude her ordinary and necessary business expenses on line 5 of Form B22C-1 in determining his current monthly income. She must instead list gross receipts as income and deduct business expenses in Form B22C-2 to determine monthly disposable income. In re Wiegand, 368 BR 238 (BAP 9th Cir. 2008)

**Future tax refunds**

The Debtor must commit all disposable income including over-withholding received during the term of the Plan.

Any state and federal income tax refunds that are issued to the debtor during the plan term in excess of $1,500 shall be paid to the Chapter 13 Trustee.

11 USC §1325(b)(1)(B); In re Diaz, 459 B.R. 86 (Bankr. C.D. CA. 2011).

# PROOF OF SERVICE DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (specify) **TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN UNDER 11 USC §§1322, 1325 AND 1326; DECLARATION IN SUPPORT; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION UNDER 11 USC §1307** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On August 20, 2015, I checked the CM/ECF document for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**2. SERVED BY UNITED STATES MAIL:**
On August 20, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

ALAMI, SONIA                                                                    IN PRO PER

7130 CENTURY BL.
LOS ANGELES, CA 90723                                              ,    -

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 20, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Julia Brand
U.S. Bankruptcy Court
Bin outside of Suite 1382
255 East Temple Street
Los Angeles, CA 90012

I declare under penalty of perjury that the laws of the United States that the foregoing is true and correct.

| August 20, 2015 | Carlos Robles | /s/ Carlos Robles |
|---|---|---|
| Date | Type Name | Signature |